MAAS v. LOWY et al.

(Supreme Court, Appellate Term. May 9, 1912.)

LANDLORD AND TENANT (§ 310*)—SUMMARY PROCEEDINGS—OPENING DEFAULT.
Where the papers on a motion to open a default in a dispossess proceeding showed no reason why defendant did not appear on the return day and answer the petition, the motion was properly denied, although the precept was served by affixing it to the door of the dwelling in defendant's absence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1319, 1320; Dec. Dig. § 310.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Dispossess proceeding by Moses Maas against Arthur Lowy and another. From an order denying a motion to open defendant Lowy's default, he appeals. Affirmed, with leave to renew motion.

Argued April term, 1912, before SEABURY, GUY, and GERARD, JJ.

Alexander, Cohn & Sondheim, of New York City, for appellant.
Spiro & Wasservogel, of New York City, for respondent.

PER CURIAM. On December 6, 1911, the landlord instituted a dispossess proceeding against the tenant, and, upon his default, obtained a final order. The proof of service being considered insufficient, on December 28, 1911, the landlord instituted a second proceeding against the tenant and subtenant, and, upon default, obtained another order awarding him possession of the premises. The tenant, on January 23, 1912, obtained an order to show cause why his defaults in these proceedings should not be opened, and the orders vacated, and he be allowed to defend. His motion was denied, and from the order denying such motion he appeals.

It seems that the tenant has instituted an action in the Supreme Court to have the lease declared void, upon the ground of false and fraudulent statements alleged to have been made by the landlord to induce the tenant to enter into the lease. In that action the landlord has set up as a defense the proceedings taken in the Municipal Court resulting in the final orders aforesaid, claiming the same to be res adjudicata of the validity of the lease in question, and therefore a bar to the action in the Supreme Court.

The foregoing facts are set forth by the tenant in the papers used before the justice upon the motion to open the default, but not a single reason is set forth therein as to why the tenant did not appear upon the return day and answer the petition of the landlord. It is true the precept was served by affixing the same to the door of the dwelling upon the premises during the absence of the tenant; the first precept being served on December 6th, returnable the 11th, and the second served on December 30th, returnable January 4th, and the tenant may have been aware of such service and deliberately refused to appear. The motion herein was properly denied, and must be affirmed.

Order affirmed, with costs, with leave to renew upon payment of such costs within 10 days after service of a copy of the order entered herewith and notice of entry thereof.